FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 22 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANGELA WORRELL,

                  Plaintiff,

– against –

NEW YORK CITY DEPARTMENT OF
EDUCATION and KAYE HOULIHAN,
Individually and in her Official Capacity,

                  Defendants.

**MEMORANDUM, ORDER AND JUDGMENT**

14-CV-7276

## PARTIES

**Angela Worrell**

 

 

**New York City Department of Education and Kaye Houlihan**

## APPEARANCES

**Russell J. Platzek**
Law Office of Steven A. Morelli
1461 Franklin Avenue
Garden City, NY 11530
516-393-9151
Fax: 516-280-7528
Email: rplatzek@smorellilaw.com

**Steven A. Morelli**
The Law Offices of Steven A. Morelli, P.C.
990 Stewart Avenue
Garden City, NY 11530
516-393-9151
Fax: 516-495-5214
Email: smorelli@smorellilaw.com

**Tanya N Blocker**
New York City Law Department
100 Church Street
New York, NY 10007
212-356-3177
Fax: 212-780-3770
Email: tblocker@law.nyc.gov

**JACK B. WEINSTEIN, Senior United States District Judge:**

## TABLE OF CONTENTS

I. Introduction ........................................................................................................................... 1

II. Procedural Background ........................................................................................................ 2

III. Factual Background .............................................................................................................. 3

   A. Plaintiff's Teaching History ............................................................................................ 3

   B. Claimed Adverse Actions ................................................................................................ 5

   C. Claimed Injury and Current Situation ............................................................................. 7

IV. Legal Analysis ...................................................................................................................... 7

   A. Summary Judgment Standard ......................................................................................... 7

   B. Claims .............................................................................................................................. 8

      1. Age Discrimination ..................................................................................................... 8

         (a) Adverse Employment Action: Re-Assignment of Class ..................................... 10

         (b) Adverse Employment Action: Disciplinary Memoranda and U-Ratings ............. 11

         (c) Adverse Employment Action: Investigation ........................................................ 12

         (d) Inference of Age Discrimination .......................................................................... 12

      2. Hostile Work Environment ....................................................................................... 14

   C. Municipal Liability and Individual Liability ................................................................ 15

V. CONCLUSION .................................................................................................................. 15

## I. Introduction

The re-assignment by a new principal of a sixty-one year old seasoned teacher from science to business classes in a public high school gave rise to this suit. The teacher is convinced that she was discriminated against because of her age. The facts do not support her belief.

It is important to protect teachers against discrimination based on their age by school officials. But, if school principals are inhibited from managing their schools effectively by the

threat of unfounded charges of age discrimination, strong and fair administrators of our public schools cannot thrive, as they must, and the children suffer.

Allowing an unfounded suit to go forward is a clog on effective school administration that should be discouraged. In the present case, no reasonable jury could find that the actions about which plaintiff complains constituted age discrimination. Decisions plaintiff might have believed were based on discrimination because of her age were made solely to comply with state requirements and to provide better educational opportunities for children at the school.

Angela Worrell brings this age discrimination suit against Kaye Houlihan, principal of the school, and the New York City Department of Education. She contends that she was verbally abused, shifted to classes for which she was less qualified, treated less favorably than her younger colleagues, subjected to disparate discipline, placed in a hostile work environment, and harassed while on sick leave – all because of her age. She says her principal favored younger teachers.

The school principal contends that assignments and evaluations of plaintiff were based on the need to comply with state licensing requirements and to provide a better education for the school's students, not because of plaintiff's age.

Defendants' motion for summary judgment is granted.

## II. Procedural Background

The complaint was filed on December 12, 2014. It asserts solely a violation of plaintiff's rights under the Equal Protection Clause of the 14th Amendment. *See* 42 U.S.C. § 1983. Liability is asserted against defendant Houlihan individually as well as in her official capacity, and against the New York City Department of Education. Compl., ECF No. 1.

Defendants filed a motion to dismiss for failure to state a claim on June 5, 2015. Defs.' Mot. Dismiss ¶ 2, ECF No. 11. The court converted the motion into a summary judgment motion on July 9, 2015. Scheduling Order, July 9, 2015, ECF No. 15. The parties submitted supplemental briefing on the converted motion. Pl.'s Supp. Mem. of Law in Opp'n to Def.'s Mot. to Dismiss Converted Mot. Summ. J., Aug. 18, 2015, ECF No. 21 ("Pl.'s Supp. Mem."); Mem. of Law in Supp. of Defs.' Mot. Summ. J., Aug. 18, 2015, ECF No. 22-17 ("Defs.' Mem.").

On October 14, 2015, the court held a hearing on the summary judgment motion. Testimony from plaintiff and the principal was taken. Decision was reserved. Minute Entry, Oct. 14, 2015, ECF No. 26.

## III. Factual Background

### A. Plaintiff's Teaching History

Plaintiff has been employed by the Department of Education for over 20 years. Summ. J. Hr'g Tr., Oct. 14, 2015 ("Summ. J. Hr'g Tr."), at 6:4–7. She has a Master's Degree in Science and Education from Brooklyn College, and a permanent New York State certification to teach Business and Distributive Education. Ex. H to Decl. of Steven A. Morelli, Aug. 18, 2015, ECF No. 21-2: Angela Worrell Dep., Aug. 4, 2015, ECF No. 21-9 ("Worrell Dep."), at 29:19–25; Ex. B to Decl. of Ass't Corp. Counsel Tanya N. Blocker in Supp. of Defs.' Mot. Dismiss, June 5, 2015, ECF No. 11-3: List of State of New York Teacher Certificates, June 5, 2015, ECF No. 11-3. While attending Brooklyn College, plaintiff received six credits in special education. Worrell Dep. at 43:7–18. She is not certified in, and has never pursued certification in, special education or any science. Summ. J. Hr'g Tr. at 6:19–21, 8:21–25; Worrell Dep. at 53:20–54:9 (testifying that she only had six special education credits).

She began teaching in 1989. Worrell Dep. at 35:21–23. She worked at various public schools in New York City throughout the 1990s, teaching a variety of classes, including business and computers. *Id.* at 35:21–37:25. From approximately 1999-2002, plaintiff taught computers, business, and English as a Second Language (ESL) courses at Harry Van Arsdale High School. *Id.* at 38:1–8. She joined Fort Hamilton Public High School, in Brooklyn, in 2003. Defs.' Statement of Undisputed Material Facts Pursuant to Local Civ. R. 56.1, Aug. 18, 2015, ECF 22-16, ("Defs.' 56.1 Statement"), at ¶ 20. The school is physically attractive, is located in a middle class community, and has a reputation for a fine student body and faculty. Summ. J. Hr'g Tr. at 17:20–18:10.

When plaintiff joined Fort Hamilton, there was a shortage of science teachers and no licensing requirement for teaching special education; the then-principal assigned plaintiff to teach courses in science to students with special education needs. Defs.' 56.1 Statement at ¶ 20; Worrell Dep. at 50:7–20. She was also designated as an "IEP case manager" by the then-principal. Summ. J. Hr'g Tr. at 14:24–15:13. "IEP" means "Individual Education Plan." Worrell Dep. at 46:17–18. It is a personalized teaching program created for a student with special learning needs. An IEP case manager is responsible for: collecting the information necessary to complete the IEP, completing the IEP report, and organizing a conference with teachers and parents to discuss and finalize the IEP. Summ. J. Hr'g Tr. at 15:8–13.

In September 2012, defendant Houlihan was appointed principal of Fort Hamilton. Defs.' 56.1 Statement at ¶ 2. Plaintiff alleges that upon defendant Houlihan's appointment, her work environment deteriorated. Compl. at ¶¶ 1–2.

4

### B. Claimed Adverse Actions

Plaintiff asserts three actions as the basis for her claims.

First, she claims that her transfer from the school's science department to the business department constituted an adverse employment action. According to plaintiff, business courses were "less suited to [her] skill and expertise" since she had not taught them in many years. Pl.'s Supp. Mem. at 11–12. Plaintiff points out that a younger teacher was assigned to her former science courses. *Id.* at 16.

Defendants contend that the transfer was necessary because plaintiff was certified to teach business courses, but she was not certified to teach science classes or classes to students with special education needs. Defs.' Mem. at 8–9, 14. They explain that the teacher assigned to the science courses in plaintiff's place had experience teaching science courses and was taking classes to earn certification in that area. *Id.* at 17; Ex I. to Decl. of Steven A. Morelli, Aug. 18, 2015, ECF No. 21-1: Kaye Houlihan Dep., July 30, 2015, ECF No. 21-10 ("Houlihan Dep."), at 71:14–25. The younger teacher also had a certification to teach students with special needs. Houlihan Dep. at 72:1–4; Summ. J. Hr'g Tr. at 9:1–7.

As part of her argument, plaintiff complains that defendant Houlihan asked plaintiff to produce her college transcripts and interrogated her about how she had received certain college credits. Compl. at ¶ 22; Pl.'s Supp. Mem. at 4; Worrell Dep. at 176:4–7. Defendants respond that the transcript request was so defendant Houlihan could see if plaintiff was taking courses towards a science certification; she was not seeking a science certification. Houlihan Dep. at 72:16–73:3.

Second, plaintiff contends that disciplinary and counseling memoranda she received (which, she says, were based on frivolous and/or false infractions) and unsatisfactory "U" ratings

5

in classroom evaluations constituted adverse employment actions. Compl. at ¶¶ 12–13, 19, 27–28, 33. Defendants explain that the memoranda were in response to plaintiff's failure to complete the IEP evaluations that had been assigned to her, and her failure to enter assignments in the online grade book. Houlihan Dep. at 54:10–14, 69:8–14; Decl. of Kay Houlihan in Supp. of Defs.' Mot. Summ. J., Aug. 17, 2015, ECF. No. 22-1, at ¶ 25. Defendants also submitted the classroom evaluations giving the U ratings – the evaluations explain the reasons for the ratings. Exs. F–H to Decl. of Ass't Corp. Counsel Tanya N. Blocker in Supp. of Defs.' Mot. Summ. J., Aug. 18, 2015, ECF No. 22-2 ("Blocker Decl.").

Plaintiff claims that she had nothing to do with some of the IEP plans assigned to her because the students were not on her class register. Worrell Dep. at 59:16–19. This was not the case. She had an important role in the creation of the IEPs. Summ. J. Hr'g Tr. at 14:24–15:13.

Plaintiff also contends that she was berated by defendant Houlihan in meetings concerning the IEPs. Compl. at ¶ 13. Defendants deny this allegation. Houlihan Dep. at 55:3–8.

Third, plaintiff complains about an investigation that was conducted of her conduct following a student's complaint. Compl. at ¶ 26. The complainant accused plaintiff of telling the student to "shut up." Ex. K to Blocker Decl., Aug. 18, 2015, ECF No. 22-13. Plaintiff contends that the investigation was "fraudulent and wholly unwarranted." Compl. at ¶ 26. There is documentary evidence that there was such a complaint. Defendants respond that the investigation was conducted pursuant to regulations which require an investigation in response to such complaints. Ex. K to Blocker Decl., Aug. 18, 2015, ECF No. 22-13. Ultimately a letter was placed in plaintiff's file indicating she used 'poor judgment' in the situation. *Id.* at 15.

C. **Claimed Injury and Current Situation**

Plaintiff alleges that as a result of defendant Houlihan's actions, she ultimately suffered a panic attack and had to be taken to the hospital. Compl. at ¶ 31. She is still employed as a tenured teacher at Fort Hamilton, but has remained out on health restoration leave since the panic attack. *Id.* at ¶ 32; Summ. J. Hr'g Tr. at 4:1–5, 5:1–5.

Because of her extended leave status, since January 1, 2015 plaintiff has not received any salary from the school district. She is not currently assigned to any classes. Were she to return from leave she would be assigned to the business department at the same school and will apparently receive the same rate of pay she had before going on leave. Summ. J. Hr'g Tr. at 4:9–5:16.

IV. **Legal Analysis**

A. **Summary Judgment Standard**

Summary judgment is granted when the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party, resolving all ambiguities and drawing all reasonable inferences against the movant." *Hernandez v. Int'l Shoppes, LLC*, No. 13-CV-6615, 2015 WL 1858997, at *10 (E.D.N.Y. Apr. 23, 2015) (citing *Capobianco v. City of N.Y.*, 422 F.3d 47, 54–55 (2d Cir. 2005)), *appeal dismissed per stipulation*, No. 15-1650 (2d Cir. June 15, 2015). "Summary judgment is appropriate . . . where the record taken as a whole could not lead a rational trier of fact to find in favor of the non-moving party." *Rodal v. Anesthesia Grp. of*

*Onondaga, P.C.,* 369 F.3d 113, 118 (2d Cir. 2004) (citations and internal quotation marks omitted).

**B.     Claims**

The complaint is unclear in how many causes of action it is asserting. It contains a single paragraph labeled "Claims For Relief," lists six categories of actions, and concludes with the allegation that "Defendants discriminated against Plaintiff on the basis of her age in violation of her rights as guaranteed by the Equal Protection Clause of the 14th Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983." Compl. at ¶ 34. Defendants appear to have interpreted the complaint as making two claims – one for age based discrimination, and one for discrimination through a hostile work environment. In briefing and argument, plaintiff adopted this interpretation. The complaint is construed as asserting two causes of action for violations of the Equal Protection Clause: one for age discrimination and one for a hostile work environment for the aged.

**1.     Age Discrimination**

"Plaintiff's age discrimination claims under Section 1983 . . . [is] analyzed under the framework established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)." *Piccone v. Town of Webster,* 511 F. App'x 63 (2d Cir. 2013). The framework consists of a three-part burden shifting analysis.

First, the plaintiff must "establish a *prima facie* case of age discrimination." *Piccone.* 511 F. App'x at 64 (quoting *Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 466 (2d Cir. 2001)). "To establish a *prima facie* case of age discrimination, a plaintiff must show four things: (1) [s]he is a member of the protected class; (2) [s]he is qualified for [her] position; (3) [s]he has

suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of age discrimination." *Id.* (citation omitted).

"Once the plaintiff has made out a *prima facie* case, the employer is required to offer a legitimate, nondiscriminatory business rationale for its actions." *Id.* "If the employer articulates such a reason, the presumption of age discrimination dissolves, and the burden shifts back to the plaintiff to prove that the employer's stated reasons are merely pretextual and that age discrimination was the true reason for the adverse employment action." *Id.*

Defendants contend that plaintiff is unable to make out a *prima facie* case of discrimination because she cannot show that (1) she suffered adverse employment actions or that (2) the discipline she received gives rise to an inference of age discrimination. Mem. of Law in Supp. of Defs.' Mot. Dismiss, June 5, 2015, ECF No. 11-4, at 11–16; Defs.' Mem. at 5–6.

An "adverse employment action" is "a 'materially adverse change' in the terms and conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). "To be 'materially adverse' a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities,'" and might include "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." *Id.; see also Blythe v. City of N.Y.*, 963 F. Supp. 2d 158, 172 (E.D.N.Y. 2013) (same in racial discrimination case); *Vega v. Hempstead Union Free Sch. Dist.*, No. 14-CV-2265, 2015 WL 5127519, at *10 (2d Cir. Sept. 2, 2015) (same in context of national origin).

### (a) Adverse Employment Action: Re-Assignment of Class

Plaintiff contends that her re-assignment to a business class from the science class she was teaching constitutes an adverse employment action. Pl.'s Supp. Mem. at 11–12. In support of this argument she cites *Kelly v. Huntington Union Free Sch. Dist.*, No. 09-CV-2101, 2012 WL 1077677 (E.D.N.Y. Mar. 30, 2012), a First Amendment retaliation case. *Kelly* holds that "a change in teaching responsibilities can constitute an adverse action if it is 'materially less prestigious, materially less suited to [a plaintiff's] skill and expertise, or materially less conducive to career advancement.'" 2012 WL 1077677, at *16 (quoting *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 641 (2d Cir. 2000)). Plaintiff argues that because she had not taught business courses for years, she was less suited to teach that subject than the science course she was teaching. Pl.'s Supp. Mem. at 11–12. She argues that the fact that she was replaced by a younger teacher gives rise to an inference of age discrimination. *Id.* at 16.

Neither *Kelly* nor *Galabya* supports the conclusion that a justified lateral transfer constitutes an adverse employment action. *Galabya* holds that the "change in responsibilities [must be] a setback to [plaintiff's] career." 202 F.3d at 641 (affirming grant of summary judgment where plaintiff failed to show that transfer from special education class to regular class was a setback to his career); *see also Kelly*, 2012 WL 1077677, at *16 (E.D.N.Y. Mar. 30, 2012) (holding that lateral job transfer was not adverse action where plaintiff would receive the same compensation, job had same prestige, and same ability for advancements). None of the other cases plaintiff cites supports her contention that the transfer to another class, at the same school, at the same salary, is an adverse action.

Re-assignment was not adverse. Even if plaintiff's transfer could be an adverse employment action, and the use of a younger teacher as a replacement did give rise to an

inference of age discrimination, defendants have proffered a legitimate, non-discriminatory rationale: state licensing requirements required the transfer. The teacher who replaced plaintiff in the science class held a special education certification and was in the process of obtaining a certification for earth science. Plaintiff did not have either of these required certifications and was not making any attempt to obtain them. The transfer of plaintiff to a subject in which she held the necessary certification was required in order for the school to comply with state regulations. Summ. J. Hr'g Tr. at 7:3–9:11.

### (b) Adverse Employment Action: Disciplinary Memoranda and U-Ratings

Plaintiff argues that the disciplinary and counseling memoranda placed in her file constitute adverse employment actions. Pl.'s Supp. Mem. at 12–13. Plaintiff cites to *Digilov v. JPMorgan Chase Bank, N.A.*, No. 13-CV-975, 2015 WL 685178, at *17 (S.D.N.Y. Feb. 18, 2015), writing "The Second Circuit has held that actions such as negative employment letters may . . . be considered adverse." But *Digilov* goes on to explain that "courts require some showing that the negative evaluations had a deleterious effect on the terms and conditions of a plaintiff's employment." 2015 WL 685178, at *17 (quoting *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 756 (2d Cir. 2004)).

Plaintiff has not offered any evidence of a deleterious effect on the conditions of her employment: she is still employed as a tenured teacher. Upon her return from leave, she will be assigned to business classes at the same school, and will receive essentially the same salary. Summ. J. Hr'g Tr. at 5:6–16.

11

### (c) Adverse Employment Action: Investigation

She contends that an investigation conducted following a student's complaint was frivolous. Compl. at ¶ 26 (alleging investigation was "fraudulent and wholly unwarranted"). Defendants argue that there was no tangible consequence from the investigation beyond a memorandum saying that plaintiff, in one instance – about which a complaint had been filed – exercised poor judgment. It was not an adverse employment action. Defs.' Mem. at 8. As with the disciplinary memoranda and U-ratings, *see supra* Part IV.B.1(b), plaintiff has failed to present any evidence showing that they were inappropriate or that she suffered a deleterious effect on conditions of her employment.

### (d) Inference of Age Discrimination

Defendants argue that even if plaintiff does show adverse employment actions, she cannot show a reasonable inference of age discrimination. Defs.' Mem. at 10–12.

With respect to her re-assignment to the business class, plaintiff points out that a younger teacher with less experience teaching science replaced her. Pl.'s Supp. Mem. at 4. An inference of discrimination can be raised by the filling of the open position with someone who is not in plaintiff's protected class. *Ellis v. Century 21 Dep't Stores*, 975 F. Supp. 2d 244, 271 (E.D.N.Y. 2013) (citing *Lovell v. Maimonides Med. Ctr.*, No. 11-CV-4119, 2013 WL 4775611, at *12 n. 23 (E.D.N.Y. Sept. 6, 2013)).

As noted above, defendants have explained that plaintiff's re-assignment was due to her certification in the academic area to which she was moved. Houlihan Dep. at 71:4–13. Defendants also explained that plaintiff's replacement was already certified in special education and was becoming certified in earth science. *Id.* at 71:14–72:4; Summ. J. Hr'g Tr. at 9:1–13.

Plaintiff has not shown that these reasons were merely pretextual and that age discrimination was the reason for an adverse employment action.

With respect to the disciplinary memoranda and U-ratings, a showing is required that the actions complained of were done for an age discriminatory purpose. *See Jagmohan v. Long Island R. Co.*, No. 12-CV-3146, 2014 WL 4417745, at *11 (E.D.N.Y. Sept. 8, 2014), *appeal filed,* No. 14-3801 (2d Cir. Oct. 7, 2014) (summary judgment granted where "nothing in the record . . . could possibly support an inference that the letter of discipline stemmed from discriminatory animus . . . Plaintiff's conclusory and speculative claim . . . does not constitute evidence from which a factfinder could find that the employer's explanation . . . was false.") (citation omitted); *St. Juste v. Metro Plus Health Plan*, 8 F. Supp. 3d 287, 311 (E.D.N.Y. 2014) (summary judgment granted where plaintiff failed to show that defendant had discriminatory reason for allegedly fabricating reasons for counseling memorandum); *Watson v. Geithner*, No. 11-CV-9527, 2013 WL 5441748, at *5 (S.D.N.Y. Sept. 27, 2013) (summary judgment granted where plaintiff failed to explain how counseling memoranda gave rise to inference of discrimination; even with allegations that reasons for memoranda were fabricated, plaintiff's subjective conclusions without evidence was insufficient); *Wilson v. Grand Cent. P'ship, Inc.*, No. 03-CV-1299, 2004 WL 1367489, at *7 (S.D.N.Y. June 16, 2004) (summary judgment granted where plaintiff failed to show actions were based on racial animus). Plaintiff must also show that she was treated less favorably than others "similarly situated [to her] in all material respects." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (quoting *Graham v. Long Island R.R.*, 230 F. 3d 34, 39 (2d Cir. 2000)).

Plaintiff identifies two younger colleagues who she claims did not complete their IEPs. Pl.'s Supp. Mem. at 15–16. She only proffers "upon information and belief" that they were not

subject to the same scrutiny or discipline. *Id.*; *see also* Worrell Dep. at 112:8–117:7 (plaintiff did not have actual knowledge as to whether her colleagues were subject to discipline). She also fails to submit evidence showing how the two younger colleagues were similar to herself in material respects. Plaintiff has failed to show an inference of discrimination and failed to make out her *prima facie* case of discrimination.

### 2. Hostile Work Environment

"To defeat a motion for summary judgment on a claim of hostile work environment, 'a plaintiff must produce evidence that the workplace [wa]s permeated with discriminatory intimidation, ridicule, and insult, that [wa]s sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Piccone*, 511 F. App'x at 64 (2d Cir. 2013) (quoting *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000)); *see also Terry v. Ashcroft*, 336 F.3d 128, 147–48 (2d Cir. 2003) ("a plaintiff must show that 'the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment'") (quoting *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002)). "[T]he plaintiff must [also] demonstrate a specific basis for imputing the conduct creating the hostile work environment to the employer." *Feingold v. N.Y.*, 366 F.3d 138, 149 (2d Cir. 2004).

Plaintiff has made several allegations in support of her hostile work environment claim. Specifically, plaintiff alleges that defendant Houlihan:

> (1) repeatedly falsely accused her of failing to complete IEPs even though the students in question were not in Plaintiff's classroom; (2) interrogated Plaintiff in her office regarding her educational background and credentials; (3) instigated an unwarranted and uncalled for investigation against Ms. Worrell; (4) involuntarily transferred Ms. Worrell out of her department after Plaintiff's nearly twelve year tenure; (5) repeatedly cancelled meetings with Plaintiff; (6) directed her underlings to harass and micro-manage Plaintiff even when doing so was in violation of protocol and

14

school policy; (7) screamed at Plaintiff during meetings and vindictively told Plaintiff she was 'unprofessional' and that none of her (Ms. Worrell's) students liked her; and (8) continuously threatened Plaintiff's continued employment at FHHS.

Pl.'s Supp. Mem. at 18–19.

Plaintiff does not offer any evidence in support of these allegations beyond her own inferences and conclusions. She offers no explanation supporting her claim that these actions "were committed on the basis of Plaintiff's age." Compl. at ¶ 34. All plaintiff can say is that she "was forced to work in an environment that openly favored younger employees as the administration announced it hired 'young teachers.'" Pl.'s Supp. Mem. at 19.

Based on the generality of the charge and the lack of credible evidence supporting this claim, no reasonable trier of fact could find in plaintiff's favor.

### C. Municipal Liability and Individual Liability

Because plaintiff has failed to satisfy her burden of showing a *prima facie* case of age discrimination, it is unnecessary to address her claims for municipal and individual liability against defendants.

## V. CONCLUSION

Defendants' motion for summary judgment is granted. The case is dismissed without costs or disbursements. The clerk is directed to enter judgment in favor of defendants.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: October 22, 2015
Brooklyn, New York